[Civ. No. 8299. Second Appellate District, Division One.—July 24, 1934.]

V. H. PORTER, Appellant, v. CITY OF SANTA BARBARA et al., Respondents.

W. J. Galbraith for Appellant.

Julian F. Goux, City Attorney, for Respondent.

CONREY, P. J.—By his amended complaint in this action plaintiff asked that the defendant city, and the other defendants, officers of said city, be enjoined from enforcing certain ordinances, and particularly an ordinance which prohibits the holding of boxing or wrestling contests or exhibitions within the City of Santa Barbara. The cause was heard in the court below upon the amended complaint and the demurrer thereto, and judgment in favor of the defend-

ants was entered pursuant to an order sustaining the demurrer. From that judgment the plaintiff appeals.

It is admitted, of course, that the business of promoting and conducting such sports as boxing, sparring or wrestling contests or exhibitions for prizes, or where an admission fee is received, constitutes an affair within the scope of the police power of the state, to the extent either of prohibition or regulation. In the present instance it appears that there is a state law which provides for the licensing of such contests, and for conducting the same under state regulation, and at the same time there is a city ordinance prohibiting such contests within the City of Santa Barbara. The case for appellant rests upon his contention that by reason of the existence of the state law, known as the State Athletic Commission Act, a person who has obtained the license provided for in that law has thereby obtained a right which may not be limited or defeated by any city ordinance.

The State Athletic Commission Act was adopted in 1924 (Stats. 1925, p. lxxxix; Deering's Gen. Laws (1931 ed.), Act 6129). Under the provisions of that act a state athletic commission is created, and is authorized to issue licenses of the description above mentioned. That such license was obtained by the plaintiff is not denied. Thus he was placed in a position which entitled him to conduct the enterprise in question, at the specified place in the City of Santa Barbara, unless the right thus obtained under the state law is cut off by the superior force and effect of the prohibitory ordinance.

The City of Santa Barbara is governed in accordance with a city charter adopted under and in accordance with the provisions of section 6 and sections 8 and 8½ of article XI of the state Constitution. In said section 8 we find this: "It shall be competent in any charter framed under the authority of this section to provide that the municipality governed thereunder may make and enforce all laws and regulations in respect to municipal affairs, subject only to the restrictions and limitations provided in their several charters, and in respect to other matters they shall be subject to general laws." The charter of defendant city does thus provide. (Stats. 1927, p. 2065.) If the subject of the ordinance, viz., the conducting of public contests or exhibitions in boxing and wrestling, and the right to prohibit or

control the same by city ordinance, is a municipal affair, then the ordinance may be enforced, notwithstanding the existence of the state law. (*Storke* v. *City of Santa Barbara*, 76 Cal. App. 40, 47 [244 Pac. 158].)

Through many years, the Penal Code has prohibited prize-fighting. (Pen. Code, sec. 412.) The State Athletic Commission Act contains a limited withdrawal of that prohibition, and prescribes conditions with which an applicant must comply, before he may be licensed to carry on the business. It needs no argument to prove that the establishment of an arena for prize-fighting, boxing, sparring or wrestling, under appropriate safeguards, might be accepted without protest in some of our metropolitan centers, whereas the same thing would be a nuisance in a suburban or residence city of different characteristics. The acceptance, or nonacceptance by a city, of such a business and of the conditions which go with such a business, presents essentially a local question, involving locally special and peculiar interests, not affecting the state at large. These facts drive directly to the conclusion that the matter of local prohibition of the business is "a municipal affair", concerning which the city ordinance, and not the general law, must prevail.

The judgment is affirmed.

Houser, J., and York, J., concurred.